DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted appellee, Charter One Bank ("Charter One"), summary judgment in foreclosure against appellants, Douglas W. Greenwood and Dawn Greenwood. Summary judgment was granted in the amount of $477,938.34 together with interest, fees, and costs. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellants set forth a single assignment of error:
 {¶ 3} "I. The trial court erred by granting Charter One Bank/Appellee's motion for summary judgment in foreclosure, because appellant should have been allowed to try the factual issue of appellee's gross negligence for its disbursement of the final draw on the loan proceeds without the issuance of an occupancy permit."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On August 25, 1998, appellants executed a residential building contract with Gene Patton, Inc. ("Patton") to build a new home. On September 21, 1998, appellants executed loan documents with Charter One to finance construction. The new home was built, appellants moved in, have continued to live in the home, and have defaulted on the loan.
 {¶ 5} On April 26, 2000, Patton filed a complaint against appellants in foreclosure of a mechanic's lien arising from its construction of the home. On November 4, 2002, Charter One Bank filed a cross-claim for foreclosure and sale of the premises. Charter One moved for summary judgment on April 23, 2003. Summary judgment was granted on August 12, 2003. The trial court filed a judgment entry for foreclosure and order of sale on October 1, 2003. Appellants filed a timely notice of appeal.
 {¶ 6} We note at the outset an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standards used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 7} In their single assignment of error, appellants claim the trial court erred when it granted summary judgment to Charter One. Appellants claim Charter One committed gross negligence in making the final disbursement without an occupancy permit.
 {¶ 8} In support, appellants claim that Charter One had a duty to either ensure issuance of a permit or disclose its absence. Appellants concede the loan agreement did not impose any duty, nor is it industry practice.
 {¶ 9} Appellants cite as statutory support R.C. 1311.011 which states in relevant part, "When making any payment under the home construction contract or on behalf of the owner or part owner under a home purchase contract, the lending institution may accept the affidavit of the original contractor required by division (B) (4) of this section and act on reliance upon it, unless it appears to be fraudulent on its face." (Emphasis added.) The record shows the affidavit of the original contractor is not "fraudulent upon its face."
 {¶ 10} Appellants further rely upon R.C. 5302.30. This statute is expressly inapplicable to this case. R.C. 5302.30(B) (2) (l) states,"This section does not apply to any transfer of residential real propertythat is any of the following: A transfer that involves newly constructedresidential real property that has not been inhabited." (Emphasis added.) This is the exact factual scenario under review. The statute does not apply.
 {¶ 11} Appellants also claim a violation of Ohio Building Code Section 4101. This argument is equally misplaced. The Ohio Administrative Code expressly states in § 4101:1-101.2, "the provisions of the `Ohio Building Code' shall apply to the construction, alteration, movement, enlargement, replacement, repair, equipment, use and occupancy, location, maintenance, removal and demolition of every building or structure or any appurtenances connected or attached to such buildings or structures." Charter One financed this project. OBC 4101 does not apply. Appellant's pattern of reliance upon facially inapplicable statutes and regulations is troublesome.
 {¶ 12} Appellants next cite this court's decision in Scott v. Scott
(December 3, 1999), 6th Dist. No. L-98-1229. The Scott case involved a residence that had been occupied and resold. By contrast, appellants are the first and only occupants. The Scott case is materially distinguishable from, and inapplicable to, this case.
 {¶ 13} In addition, appellants rely upon Elser v. Gary C. Vance andPrecision Home Builders, Inc. (September 30, 1992), 2d Dist. No. 92-CA-8. In Elser, the court was reviewing the procedural issue of a statute of limitations trigger date. The relevant issue was whether the party with the burden of securing the occupancy permit was the owner or the builder. Here, Charter One was neither; therefore, the case is inapplicable.
 {¶ 14} In Charter One Bank, FSB v. Kathleen A. Hamburger, (February 22, 2002), 6th Dist. No. L-01-1332, an owner of a newly built home similarly argued negligence in disbursement. This court found such an argument without merit due to the owner's express approval of the disputed disbursement. Appellants in this case expressly approved the disbursement.
 {¶ 15} This court has reviewed and considered the record of proceedings before the trial court and we find Charter One had no duty regarding an occupancy permit. This lack of duty, in conjunction with appellants' express approval of the disbursement, is fatal to the gross negligence claim. Appellants' sole assignment of error is not well taken.
 {¶ 16} On consideration whereof, this court finds no other genuine issue of fact remains and, after considering the evidence presented in the light most favorable to appellants, Charter One is entitled to summary judgment as a matter of law. Judgment of the trial court is affirmed. Pursuant to App.R. 24, costs of these proceedings are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Parish, J., Skow, J., Concur.